IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES EDWARD SHERROD, | ) | 4:14CV3003 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| GARY E. LACEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on its own motion. On February 4, 2014, the court required Plaintiff to show cause why he is entitled to proceed in forma pauperis ("IFP") pursuant to the provisions of 28 U.S.C. §1915(g) ("§ 1915(g)"). (Filing No. 8.) For the reasons discussed below this case is dismissed with prejudice.

### I. BACKGROUND

    On January 14, 2014, while incarcerated, Plaintiff filed a Complaint. (Filing No. 1.) On January 24, 2014, the court granted Plaintiff's Motion for Leave to Proceed IFP. (Filing No. 6.) However, upon further review, the court determined Plaintiff was a three-strikes litigant and was not entitled to proceed IFP in this matter without first showing a danger of imminent harm. (Filing No. 8.) The court struck its January 24, 2014, Memorandum and Order and gave Plaintiff until March 3, 2014, to show cause why this case should not be dismissed pursuant to the provisions of 28 U.S.C. 1915(g), or to pay the full $400.00 filing and administrative fees. (*Id*. at CM/ECF p. 2.) Thereafter, Plaintiff filed a Motion to Show Cause (filing no. 9), an Amended Motion to Show Cause (filing no. 10) and a Motion to Amend (filing no. 11).

## II.  ANALYSIS

A prisoner may not bring a civil action and proceed IFP if the prisoner has, on three or more occasions, while incarcerated, brought an action or appeal in federal court that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted. § 1915(g). An exception is made for prisoners who are under imminent danger of serious physical injury. *Id*.

In his Motions, Plaintiff does not show that he is under imminent danger of serious physical injury. (*See* Filing Nos. 9, 10, and 11.) Thus, Plaintiff is not entitled to proceed IFP. Moreover, Plaintiff has not paid the $400.00 filing and administrative fees. (*See* Docket Sheet.) For these reasons, this matter must be dismissed.[1]

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice.

---

[1] To the extent that Plaintiff is attempting to challenge a state court conviction, the court cannot address such claims in an action brought pursuant to 42 U.S.C. § 1983. Indeed, claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriquez*, 411 U.S. 475 (1973), and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a prisoner's conviction or continued confinement, the civil rights claim must be preceded by a favorable outcome in a habeas corpus or similar proceeding in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486-87; *see also Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996) (applying *Heck* to a claim that would implicate the validity of a future conviction on a pending criminal charge).

    2.    All pending Motions are denied.

    3.    A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 12th day of March, 2014.

                      BY THE COURT:

                      *s/ John M. Gerrard*
                      United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.